T.C. Summary Opinion 2006-189

UNITED STATES TAX COURT

JAMES K. MOYER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16838-04S.                    Filed December 13, 2006.

James K. Moyer, pro se.

Diane L. Worland, for respondent.

GOLDBERG, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency of $1,157 in petitioner's 2002 Federal income tax. The issue for decision is whether petitioner is liable for the 10-percent additional tax under section 72(t) on a $11,572.40 early distribution from his individual retirement account (IRA).

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in Argos, Indiana.

In 1989, petitioner and his girlfriend, Melinda K. Garrison (Ms. Garrison), had a son. Petitioner and Ms. Garrison never married. When the child was 7 years old, Ms. Garrison successfully petitioned the Marshall County, Indiana, Child Support Division, for an Order of Support. Thereafter, petitioner paid weekly child support to Ms. Garrison in the amount of $108, which was taken by an automatic deduction from his paycheck.

Petitioner worked as a laborer at Lobdell-Emery, an automotive parts manufacturing plant, at the time that the Order of Support was entered. Petitioner was employed at Lobdell-Emery until June 2001, when the company decided to close its Indiana plant and relocate its operations to Mexico. While employed at Lobdell-Emery, petitioner participated in the company's section

401(k) program. When the plant shut down, petitioner elected to "roll over" funds amassed in his section 401(k) account into a separate IRA account he held with Edward D. Jones, Co. (Edward Jones).

After the Lobdell-Emery plant closed, petitioner participated in vocational rehabilitation, worked at several part-time jobs as a laborer, and began studies towards an associate's degree at a local college. At the same time that petitioner started college, he petitioned the Child Support Division to reduce his weekly support payments based on his status as a full-time student. Petitioner's attempt to reduce his payments, however, was unsuccessful. While the record is not clear as to the exact date that petitioner stopped making his required child support payments, by August 2002, the Child Support Division determined that petitioner was $11,572.40 in arrears on his child support obligation.

Petitioner completed his associate's degree in May 2004, and thereafter began part-time studies towards his bachelor's degree. Since completing his associate's degree, petitioner has lived on and tended to his parent's farm. Petitioner receives income from taking on occasional odd jobs and selling the firewood that he cuts and bundles on the farm. In addition to his farm work and part-time studies, petitioner has pursued full-time work. To

this end, petitioner submitted "Employment Search Verification" documentation to the Marshall County Circuit Court.

On August 27, 2002, the Child Support Division issued an Order/Notice to Withhold Income for Child Support (the Order) on Edward Jones. The Order stated that petitioner was in arrears on his child support obligation for a total of $11,572.40. Edward Jones received the Order on September 9, 2002, and on October 2, 2002, notified petitioner by letter that it had liquidated assets in his IRA account totaling $11,572.40, and had forwarded this amount to the State of Indiana Collections Unit. By check dated October 2, 2002, Edward Jones paid $11,572.40 from petitioner's IRA account to the State Central Collection Unit in Indianapolis, Indiana.

On his 2002 Federal income tax return, petitioner reported the $11,572.40 distribution from his IRA as income. However, petitioner did not report an additional tax of 10-percent of the total distribution for the early withdrawal from the IRA. Respondent determined in the notice of deficiency that petitioner is liable for the additional tax on an early distribution from a qualified retirement plan. Petitioner asserts that he is not liable for the additional tax on the early distribution because the Order meets the criteria of a qualified domestic relations order (QDRO).

## Discussion

Section 72(t) provides for an additional tax of 10 percent on any amount received as an early distribution from a qualified retirement plan.  Notably, the section 72(t) additional tax does not apply in certain situations, and the situation on which petitioner's argument relies is described in section 72(t)(2)(C).  That section provides that distributions from qualified retirement plans are not subject to the additional 10-percent tax if they are made pursuant to a QDRO within the meaning of section 414(p)(1).

However, section 72(t)(3)(A) provides that the exception for distributions pursuant to a QDRO does not apply to distributions from an individual retirement plan.  Sec. 72(t)(2)(C), (3)(A).  The term "individual retirement plan" is defined as an individual retirement account or an individual retirement annuity.  Sec. 7701(a)(37).  Assuming arguendo that the Order was, in fact, a QDRO, the exception provided by section 72(t)(2)(C) is not applicable because the distribution at issue was made from petitioner's IRA.

Therefore, we must sustain respondent's determination, and conclude that petitioner is liable for the additional tax of 10 percent on the $11,572 early distribution from his IRA, pursuant to section 72(t).

- 6 -

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.